**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 123486

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen Yang, | |
| Plaintiff, | Case No: |
| v. | **COMPLAINT** |
| Bytedance Inc., | DEMAND FOR JURY TRIAL |
| Defendant. | |

Plaintiff Stephen Yang ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Bytedance Inc. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides photojournalism goods and services and owns the rights to photographs featuring celebrities which Plaintiff licenses to online and print publications.

3. Defendant owns and operates a website known as www.topbuzz.com

(the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Stephen Yang is an individual who is a citizen of the State of New York and maintains a principal place of business at 123-35 82nd Road, Apt. 3A, Kew Gardens, Queens in New York City, New York.

6. Upon information and belief, Defendant Bytedance Inc., is a Delaware corporation with a principal place of business at 250 Bryant Street, Mountain View in Santa Clara County, California and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Bytedance Inc. because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Bytedance Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from

the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. Upon information and belief, Bytedance Inc. is the registered owner of the Website and is responsible for its content.

15. Bytedance Inc. is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. On August 31, 2019, Plaintiff Stephen Yang authored several photographs of United Parcel Service (UPS) driver Anthony Lupi ("*Photograph 1-2*"). A copy of Photograph 1 and of Photograph 2 (hereinafter collectively "*Photographs*") are attached hereto collectively as Exhibit 1.

19. Plaintiff applied to the USCO to register the Photographs on or about September 29, 2019 under Application No. 1-8114322934.

20. The Photographs were registered by the USCO on September 29, 2019 under Registration No. VA 2-172-240.

21. On September 11, 2019, Plaintiff observed the Photographs on the Website in a story dated August 31, 2019. Copies of the screengrabs of the Website including Photograph 1 and Photograph 2 are attached hereto collectively as Exhibit 2 (*Exhibit 2-Infringement #1-2*).

22. The Photographs were displayed at URL: https://www.topbuzz.com/@newyorkpost/meet-the-hot-ups-delivery-guy-driving-women-crazy-in-nyc-BQLAmo3Eal0?referer=.

23. Photograph 1 was stored at URL: https://p0.ipstatp.com/large/pgc-

image-va/Raklg9n7DsayFT.

24. Photograph 2 was stored at URL: https://p0.ipstatp.com/large/pgc-image-va/RaklgA79hGz2f5.

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff's copyright protected Photographs as are set forth in Exhibit "1" on the Website.

26. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

27. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

28. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

30. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

31. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

32. Upon information and belief, Defendant had complete control over

and actively reviewed and monitored the content posted on the Website.

33. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

34. Upon information and belief, Defendant monitors the content on its Website.

35. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

36. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

37. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

38. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

39. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

40. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## JURY DEMAND

41. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright

       interest in the Photographs by copying and displaying without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: February 8, 2022

       **SANDERS LAW GROUP**

       By:   */s/ Craig B. Sanders*
       Craig B. Sanders, Esq. (Cal Bar 284397)
       100 Garden City Plaza, Suite 500
       Garden City, NY 11530
       Tel: (516) 203-7600
       Email: csanders@sanderslaw.group
       File No.: 123486

       *Attorneys for Plaintiff*